NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: MITCHELL WINE,**
*Petitioner*

---

2020-133

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. DA-0752-18-0116-X-1.

---

## ON PETITION

---

Before O'MALLEY, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

Mitchell Wine petitions for a writ of mandamus ordering the Merit Systems Protection Board to rescind his settlement agreement with the Department of the Interior ("the agency"), to reinstate his adverse action appeal, and to order the United States Fish and Wildlife Service ("FWS") to produce, without redaction, documents he requested under the Freedom of Information Act and Privacy Act (collectively, "FOIA"). Mr. Wine also requests costs associated with the petition. The Board and the agency oppose the petition. Mr. Wine replies.

## BACKGROUND

In December 2017, the agency removed Mr. Wine from his position at the FWS, and Mr. Wine filed an appeal at the Board challenging that adverse action. In April 2018, an administrative judge ("AJ") dismissed Mr. Wine's appeal after the parties entered into a settlement agreement. As relevant here, the agency agreed to provide the Standard Form ("SF") 3112B and to cooperate if Mr. Wine elected to apply for disability retirement.

Mr. Wine subsequently filed a petition for enforcement ("PFE"), which the AJ granted in part on February 20, 2019. Specifically, the AJ found that, while the agency provided Mr. Wine with the SF 3112B, the agency included information concerning unsatisfactory conduct in the form that was beyond the parameters of the agreement. Accordingly, the AJ ordered the agency to provide Mr. Wine with a revised form.[1]

Neither party appealed the ruling. Subsequently, the agency filed a notice of compliance. Mr. Wine responded by disputing the agency's claims and asked to reopen the compliance decision. The case was referred to the Board. On July 10, 2019, the Acting Clerk of the Board issued an order asking Mr. Wine to clarify how he would like to proceed and, in particular, whether he was asking for the Board to rescind the settlement agreement based on a breach found in the AJ's decision.

---

[1] The AJ further found that, although the agency made a good faith effort to cooperate, its handling of Mr. Wine's disability retirement application up to that point was careless and negligent. The AJ noted that the agency had suggested for Mr. Wine to resubmit his application and directed the agency to cooperate if Mr. Wine wanted the agency to submit his application on his behalf.

In response, Mr. Wine stated that he "wishes to rescind the [agreement] and reinstate his original appeal." Attach. to Am. Pet., ECF No. 3 at 9.  The agency opposed rescission, arguing that the breach was not material.  *See* Agency's Resp. at Appx79–80.  The agency has also informed the Board that it fully complied with the February 2019 decision and that Mr. Wine is receiving disability benefits.  *See* Board's Resp. at Appx42–43.  Not having heard anything further from the Board, Mr. Wine filed this petition.

## DISCUSSION

The remedy of mandamus may be "invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) (citations omitted).  A party seeking mandamus must show a "clear and indisputable" right to relief, no adequate alternative means to obtain the relief desired, and that issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted).

Mr. Wine appears to premise his right to rescission on the Board having found the agency materially breached the agreement.  *See* Am. Pet. at 1 (contending that the AJ "found the Agency breached the settlement agreement" and the "MSPB stated in writing" in the Clerk's July 2019 order "that Petitioner had a right to reinstate his underlying appeal due to the negligent settlement breach citing *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 12 (2014)."); *see also Burke*, 121 M.S.P.R. at 307 ¶ 12 ("When one party commits a material breach of a settlement agreement, the other party ordinarily is entitled to either enforce the settlement agreement or to rescind it and to reinstate his appeal.").

In fact, however, the Board's February 2019 decision did not make a finding regarding whether any breach by

the agency was material.  Nor did the July 10, 2019 order of the Board inform Mr. Wine that he has the right to rescission and reinstatement.  The Clerk's order merely stated the holding of *Burke*.  It did not find that he was entitled to that relief.  To the contrary, the order sought clarification as to whether Mr. Wine was seeking rescission and the basis for that request.  *See* Board's Resp. at Appx32 (noting that "[Mr. Wine]'s submissions and intent are unclear" and asking for clarification whether he is seeking rescission or enforcement).

Although Mr. Wine subsequently clarified that he is seeking rescission, we cannot say that Mr. Wine has shown entitlement to compel granting that request.  The issues of material breach and whether Mr. Wine is entitled to a rescission and reinstatement of his action are still before the full Board.  Mr. Wine has not shown that the Board, which currently lacks a quorum, has unlawfully refused to act or that the delay here has been so egregious as to warrant mandamus relief.[2]  We also cannot agree with Mr. Wine's suggestion that resolution of these issues are merely ministerial functions that may be delegated to the Clerk or Office of General Counsel.

To the extent Mr. Wine is also seeking to challenge the FWS's response to his FOIA request, this court lacks jurisdiction.  This court is a court of limited jurisdiction, which does not include jurisdiction over FOIA actions.  *See* 28 U.S.C. § 1295.  Instead, United States district courts have exclusive jurisdiction to review disputes under FOIA.  *See* 5 U.S.C. § 552(a)(4)(B).

Accordingly,

---

[2]    The court notes that new Board members have been nominated and that their nominations are pending before the Senate.

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  The request for costs is denied.

FOR THE COURT

July 20, 2020          /s/ Peter R. Marksteiner
     Date              Peter R. Marksteiner
                       Clerk of Court

s32